UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SUMMER K. MATHENA, a single woman,

Plaintiff,

v.

AG GROWER SALES, LLC, a Washington Limited Liability Company; FRED A. ROSS, a married man; JEFF G. AGUIGUI, a married man; ROGER DILLON, a married man,

Defendants.

NO. CV-13-0086-LRS

ORDER DENYING DEFENDANTS' MOTION TO DISMISS CLAIMS

BEFORE THE COURT is Defendants AG Growers Sales, LLC ("AGS"), Fred Ross ("Ross"), Jeff Aguigui ("Aguigui"), and Roger Dillon ("Dillon") (Collectively "Defendants") Motion to Dismiss Claims and for a More Definite Statement Under Rule 12, ECF No. 2, filed March 21, 2013 and noted without oral argument on May 10, 2013. Plaintiff opposed the Motion to Dismiss Claims (ECF No. 3).

Defendants assert that: 1) Plaintiff's federal law claims should be dismissed because she failed to timely exhaust her administrative remedies and the Court does not have jurisdiction; 2)Plaintiff's federal law claims against the individual Defendants should be dismissed because there is no basis for individual

liability; 3)Plaintiff’s failure to accommodate claim is not plausible on its face; 4) Plaintiff cannot assert claims for disability-based constructive discharge; 5) Plaintiff cannot assert a claim for disability-based retaliation; 6) Plaintiff cannot assert a claim for quid pro quo sexual harassment against Defendant Dillon; and 7) Plaintiff should be required to amend her Complaint to include the dates of Defendants’ alleged wrongful acts.

Plaintiff responds that Defendants’ motion to dismiss should be denied because her Complaint (ECF No. 1) sufficiently alleges facts to state claims upon which relief should be granted. More specifically, Mathena's Complaint (ECF No. 1) alleges that this Court has jurisdiction over the Title VII, ADA, and WLAD claims because the Defendant AGS has more than fifteen (15) employees and the EEOC issued a right to sue letter, which was received by Mathena's counsel on July 5, 2012, and the Complaint was filed March 1, 2013, within the period agreed to by and between the parties in the Tolling Agreements. ECF No. 1, 8.

The Court finds Defendants' motion is premature in that no discovery has been completed to date. Moreover, information in Defendants written submittals suggest significant knowledge about this case. The Court finds that the level of detail sought by Defendants, prior to discovery being conducted, is not required by the Federal Rules of Civil Procedure. Plaintiff’s Complaint appears to provide sufficient facts to put Defendants on notice of the nature of the claims pleaded. Finally, Plaintiff has at least minimally complied with Rule 8 as well as with the requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss Claims and for a More Definite Statement Under Rule 12, ECF No. 2, filed March 21, 2013 is **DENIED**.

2. The District Court Executive is directed to enter this Order.

**DATED** this 14th day of May, 2013.

***s/Lonny R. Suko***

LONNY R. SUKO
United States District Judge